IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ERICA LUKE**, | Case No. 3:18-cv-381-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **TARGET CORPORATION**, | |
| Defendant. | |

Loren W. Collins, LOREN COLLINS P.C., 780 Commercial Street SE, Suite 202, Salem, OR 97301. Of Attorneys for Plaintiff.

Román Hernádez and Emily Schifter, TROUTMAN SANDERS LLP, 100 SW Main Street, Suite 1000, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

On January 29, 2018, Plaintiff Erica Luke ("Luke") filed a complaint against her former employer, Defendant Target Corporation ("Target"), in Multnomah County Circuit Court, asserting claims for whistleblower retaliation in violation of Or. Rev. Stat. ("ORS") § 659A.199 and wrongful discharge under Oregon common law. Target, a Minnesota corporation, timely removed the action to federal court. On March 8, 2018, Target filed a motion to dismiss

Plaintiff's claim for common law wrongful discharge. For the reasons that follow, Target's motion is granted in part and denied in part.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

PAGE 2 – OPINION AND ORDER

**BACKGROUND**

For purposes of this motion, the Court takes as true the following facts alleged in the complaint. Luke was an employee at one of Target's Portland, Oregon facilities from 2006 until 2017. Luke was first hired as a sales team member but became a team leader in Target's Asset Protection Department in 2014. On or about November 2016, Target's store manager accused a member of Luke's asset protection team of hiding merchandise in the store so that another team member could later buy that merchandise at a discounted price. Luke had observed video surveillance that showed these accusations to be false and defended the team member to the store manager, speaking out against the false accusations. In 2016, Target management began to direct Luke to clock out for lunch, even when Luke was engaged in an apprehension or other asset protection situation that could not be immediately suspended. When Luke said that she could not clock out, Target's managers told Luke that she should continue working and clock out nevertheless. Luke spoke out against this directive to create false time records.

Between September 1, 2016 and May 17, 2017, Luke complained to Target's management about a fire exit being blocked. Management nevertheless directed Luke to fill out a safety checklist to show that the Target facility was in compliance with safety standards. In the same time period, Target's management direct Luke to complete forms showing that all employees in her team had attended certain safety meetings, despite management knowing that not all employees had attended those meetings. Plaintiff resisted and complained to management about being told to complete the false safety documentation. On May 17, 2017, Target terminated Plaintiff's employment.

**DISCUSSION**

Target moves to dismiss Luke's wrongful discharge claim, arguing that Luke is precluded from bringing this common law claim because her whistleblower retaliation claim provides an

adequate statutory remedy. Under Oregon law, a claim for common law wrongful discharge is not available if "(1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate)." *Arnold v. Pfizer, Inc.*, 970 F.Supp.2d 1106, 1145–46 (D. Or. 2013) (citation omitted); *see Wall v. Sentry Ins.*, 2015 WL 350683, at *3 (D. Or. Jan. 26, 2015) (holding that the test for preclusion of a common law wrongful discharge claim is disjunctive). This Court has previously found that a common law wrongful discharge claim provides the same remedies as a whistleblower retaliation claim under ORS § 659A.199 and that two claims cannot be pursued simultaneously when based upon the same conduct. *See, e.g., Tornabene v. Nw. Permanente, P.C.*, 156 F. Supp. 3d 1234, 1252 (D. Or. December 28, 2015) (citing *Duran v. Window Products, Inc.*, 2010 WL 6420572, at *5 (D. Or. Dec. 22, 2010), *report and recommendation adopted*, 2011 WL 1261190 (D. Or. Mar. 29, 2011)); *Lindsey v. Clatskanie People's Utility District*, 140 F. Supp. 3d 1077, 1096 (D. Or. Oct. 23, 2015).

Luke does not dispute the Oregon rule on statutory preemption, but responds that her common law wrongful discharge claim and her statutory whistleblower retaliation claim are not based on the same conduct, and thus may proceed simultaneously. The whistleblower claim, Luke argues, is based on Luke's "good faith reporting" about various safety and employment violations, whereas the wrongful discharge claim is based on Luke's "resistance" to those violations, as well as Luke's defense of a fellow employee who was charged with misconduct. With the exception of Luke's defense of a fellow employee, however, the facts alleged regarding Luke's reaction to the safety and time sheet violations—whether characterized as reporting or resistance—are substantially identical. With regard to the false time records, Luke alleges that

she "spoke out against th[e] directive to create false time records." With regard to the alleged improper blocking of the fire exit and safety meeting attendance, Luke alleges that she "resisted and complained to management" about being told to verify that safety standards were met and safety meetings fully attended.

Although Luke's refusal to verify a false safety document may technically be a different act from her reporting the order to create the false document, the "conduct" that whistleblower and wrongful discharge claims are most concerned with is that of the defendant employer. The underlying purpose of the common law tort for wrongful discharge "is not to vindicate the individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130 (D. Or. 1998), *abrogated in part on other grounds by Rabkin v. Oregon Health Scis. Univ.*, 350 F.3d 967 (9th Cir. 2003). Luke's statutory whistleblower claim is a sufficient remedy for Luke and, if proven, will effectively punish Target's alleged misconduct with regard to the safety violations and false time sheets, regardless of whether Luke both resisted and reported or merely reported.

Luke's alleged defense of a fellow employee who was wrongfully charged with misconduct, however, is conduct that is different from her reporting of safety violations and false time sheets. A whistleblower retaliation claim under ORS § 659A.199 provides a remedy for plaintiffs who are fired in retaliation for reporting what they believe to be "a violation of a state or federal law, rule or regulation." In at-will employment states like Oregon, charging an employee with on-the-job misconduct, even if that charge is unsubstantiated, is generally not a violation of law, rules, or regulations. A statutory whistleblower claim will therefore not provide relief for an employee allegedly fired in retaliation for defending a wrongfully accused co-

PAGE 5 – OPINION AND ORDER

worker. Thus, to the extent that Luke's common law claim of wrongful discharge is based on, and limited to, her alleged firing in retaliation for her defense of her fellow employee, it is not pre-empted by Luke's whistleblower claim.

## CONCLUSION

Defendant's Motion to Dismiss (ECF 7) is GRANTED in part and DENIED in part. Plaintiff's second claim for relief, common law wrongful discharge, is dismissed with regard to Plaintiff's allegations that she was terminated for resisting and speaking out against safety violations, false safety records, and false time records. Defendant's motion to dismiss Plaintiff's wrongful discharge claim is denied with regard to Plaintiff's allegations that she was fired for defending a fellow employee.

**IT IS SO ORDERED**.

DATED this 9th day of May, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge